UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 99-10098-RGS

UNITED STATES OF AMERICA

v.

STEPHEN ROSSETTI

MEMORANDUM AND ORDER ON
PETITIONER'S MOTION FOR RECONSIDERATION
OR, IN THE ALTERNATIVE, FOR
A CERTIFICATE OF APPEALABILITY

April 13, 2012

STEARNS, D.J.

On January 9, 2012, this court entered an Order and Judgment denying petitioner Stephen Rossetti's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On February 9, 2012, Rossetti filed the above-captioned motion for reconsideration, or alternatively, for a certificate of appealability. The motion for reconsideration will be denied for the reasons stated in the court's January 9 Memorandum of Decision.

In his alternative prayer for relief, Rossetti requests that the court issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c). Rossetti seeks the

1

certification of essentially two issues (the first with numerous sub-parts) for appeal: (1) whether he was denied the effective assistance of counsel at various stages of the prosecution stemming from, inter alia, an alleged conflict of interest on the part of his attorney, William Cintolo; and (2) whether he acted with the requisite diligence in seeking the vacatur of a 1997 conviction for breaking and entering (which was cited by the government at sentencing as a reason for an enhanced sentence on Rossetti's felon-in-possession conviction).

A certificate of appealability will issue only where a petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). A petitioner makes such a showing when he demonstrates that his petition involves issues which are debatable among reasonable jurists, that another court could resolve the issue differently or that the issues are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

The court will deny the certificate as to the first requested ground as Rossetti raises no arguments regarding his counsel's performance that have not been thoroughly addressed and shown to fall well short of establishing a viable Sixth Amendment claim. However, the second issue: whether the court correctly held that Rossetti was not entitled to relief on the vacatur issue is one with which reasonable jurists could disagree based on the reading of *Johnson v. United States*, 544 U.S. 295 (2005). On this issue

the request will be granted.[1]

ORDER

For the foregoing reasons, the motion for reconsideration is DENIED. The request for a certificate of appealability is GRANTED as to ground two (as identified above) and DENIED as to ground one. The motion to proceed on appeal in forma pauperis is ALLOWED.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE

---

[1] More specifically, the issue (as explained in the court's January 9, 2012 decision) is whether under *Johnson* the due diligence trigger point for purposes of 28 U.S.C. § 2255(f)(4) should be fixed at Rossetti's first sentencing date of November 27, 2002, or at the *Booker* resentencing date of August 7, 2007, or as the government argues, as of the date of the *Johnson* decision, April 4, 2005. In terms of the steps taken by Rossetti to vacate his state conviction, like the government, I have no reason to question Rossetti's factual assertions, and I therefore consider the record complete for evidentiary purposes on the issue. *See* Gov't Opp'n at 4; Rossetti Aff. of March 5, 2012.